UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWEN B. WITHERSPOON, as Trustee of the Gwen B. Witherspoon Revocable Living Trust dated August 10, 1998,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. INCE et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-22-613-G<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff Gwen B. Witherspoon, as Trustee of the Gwen B. Witherspoon Revocable Living Trust dated August 10, 1998, brings constitutional claims pursuant to 42 U.S.C. § 1983 against six defendants, including the Board of County Commissioners of Garvin County, Oklahoma ("Board"); and Lori Fulks, in her official capacity as Clerk of Garvin County, Oklahoma (together, the "County Defendants"). *See* Am. Compl. (Doc. No. 26).

Now before the Court is the Motion to Dismiss (Doc. No. 29) filed by the County Defendants. Plaintiff has responded (Doc. No. 31) and the County Defendants have replied (Doc. No. 32).

### I.  *Plaintiff's Allegations*

In the Amended Complaint, Plaintiff alleges that she owns a parcel of land in Section 9, Township 4 North, Range 3 West, in Garvin County, Oklahoma ("Section 9"). *See* Am. Compl. ¶ 3. Defendants Howard P. Payne and Sue A. Payne owned land that

adjoins Section 9. *Id.* ¶ 4. In 2021, the Paynes conveyed that adjoining land to Defendants Christopher D. Ince and Rachael S. Ince. *Id.*

In 2008, the Paynes and the Inces sued Plaintiff in Garvin County District Court to exercise eminent domain to create a private road on the west side Section 9 allowing the Inces to access their land. *Id.* ¶¶ 7, 51 (citing *Payne v. Witherspoon*, No. CJ-2008-430 (Garvin Cnty. Dist. Ct.)). In 2021, the Inces filed a second action in the same court, seeking to open a roadway on the south section line of Section 9. Am. Compl. ¶¶ 7, 64 (citing *Ince v. Witherspoon*, No. CV-2021-92 (Garvin Cnty. Dist. Ct.)).

The state-court lawsuits, and Plaintiff's current legal claims, implicate various Oklahoma statutes. *See* Am. Compl. ¶¶ 11-15. Plaintiff alleges that, "[i]n applying Okla. Stat. tit. 27, § 6, Okla. Stat. tit. 66, § 53, and Okla. Stat. tit. 69, § 1201, the Paynes and Inces benefit from official actions of state judges, the court clerk, and the Garvin County Clerk to appropriate the Plaintiff's farmland." *Id.* ¶ 16. Plaintiff claims that the County Defendants' conduct in connection with the above state-court litigation violates "the takings and use clauses of the Fifth Amendment" and "the due process and equal protection clauses of the Fourteenth Amendment." *Id.* ¶¶ 1, 71-101; *see also id.* ¶¶ 52-70. Plaintiff seeks declaratory and injunctive relief, as well as nominal damages. *See id.* ¶¶ 105-111.

II.     *Relevant Standards*

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "[T]o withstand a Rule

12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Id.* at 1192.

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

III.   The County Defendants' Motion to Dismiss

The County Defendants argue in relevant part that Plaintiff fails to state a claim against them pursuant to 42 U.S.C. § 1983 upon which relief can be granted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" and "must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The County Defendants do not dispute that they were acting under color of state law in connection with Plaintiff's factual allegations. Their challenge is broadly directed to whether Plaintiff can show that the County Defendants "subject[ed]"

3

Plaintiff, "or cause[d] [Plaintiff] to be subjected," "to a deprivation of . . . her lawful rights." *Porro v. Barnes*, 624 F.3d 1322, 1327 (10th Cir. 2010) (internal quotation marks omitted).

As an initial matter, Plaintiff's claims against the County Defendants amount to claims against Garvin County itself. As explained by another judge of this Court,

> [u]nder Oklahoma law, a county's board of county commissioners is not a separate legal entity from the county. Rather, in general, it *exercises* the powers of the county. 19 Okla. Stat. § 3. A suit brought against a county's board of county commissioners is the way Oklahoma law contemplates suing the county. 19 Okla. Stat. § 4.

*Snow v Bd. of Cnty. Comm'rs of Cnty. of McClain*, No. CIV-14-911-HE, 2014 WL 7335319, at *2 (W.D. Okla. Dec. 19, 2014). Further, Plaintiff suing Defendant Fulks in her official capacity as the Clerk of Garvin County is "essentially another way of pleading an action against the county" and is considered under the same standard applied to the claims against Defendant Board. *Porro*, 624 F.3d at 1328; *see also Snow*, 2014 WL 7335319, at *4; Am. Compl. ¶ 20 ("Defendant Lori Fulks . . . performs the functions of regist[rar] of deeds and clerk of the Board . . . ."). Accordingly, "in the § 1983 context, a suit against the board of county commissioners" and against a "county official in [her] official capacity" "is, in substance, a suit against the county." *Snow*, 2014 WL 7335319, at *2.

To hold Garvin County liable under § 1983 for a deprivation of her federally protected rights, Plaintiff must: (1) identify "the existence of a [county] policy or custom by which [Plaintiff] was denied a constitutional right"; and (2) demonstrate "that the policy or custom was the moving force behind the constitutional deprivation." *Burke v. Glanz*, 292 F. Supp. 3d 1235, 1249 (N.D. Okla. 2017) (citing *City of Canton v. Harris*, 489 U.S.

4

378, 385 (1989); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)); *see also Dawson v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 732 F. App'x 624, 627-28 (10th Cir. 2018).[1]

As to the County Defendants, Plaintiff alleges that:

- In the 2021 lawsuit, the Board: objected to the Inces' request for access on the south section line by declaration in the 2021 proceeding; contended that state law vests it with exclusive jurisdiction over certain actions affecting roads in the county; and, at a hearing, stated that if a petition is not submitted under title 69, section 646 of the Oklahoma Statutes, then the correct procedure would be for the individual requesting that the section line be opened to come to a Commissioners' meeting and ask if they would be willing to approve a resolution to open that section line. *See* Am. Compl. ¶¶ 68, 85, 90, 98, 101.

- Defendant Fulks accepted for recording with Garvin County certain documents issued or filed in connection with the 2008 and 2021 lawsuit. *See id.* ¶¶ 13, 67, 82, 86, 89, 95-97.

Even accepted as true, these factual allegations fail to plausibly establish policy/custom liability. There is no assertion of a policy or custom attributable to *these defendants* by which Plaintiff was denied a constitutional right. The alleged ministerial acts and participation in litigation undertaken in compliance with Oklahoma statutory

---

[1] Under this liability standard, "a local governmental unit such as . . . a county . . . is a 'person' subject to § 1983 liability." *Cox v. Glanz*, 800 F.3d 1231, 1254 (10th Cir. 2015) (internal quotation marks omitted).

procedure "do not constitute [a Garvin County] policy for the purposes of § 1983 claim [county] liability." *Walker v. Wegener*, No. 11-cv-03238, 2012 WL 4359365, at *10 (D. Colo. Aug. 30, 2012) (R. & R.) ("Mere enforcement of a state statute is not a sufficient basis for imposing § 1983 municipal liability." (internal quotation marks omitted)), *adopted*, 2012 WL 4355621 (D. Colo. Sept. 24, 2012). "[U]nder § 1983, local governments are responsible only for their *own* illegal acts," *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal quotation marks omitted), and are not "convenient receptacles of liability" premised upon allegedly unconstitutional state statutes. *Surplus Store & Exch., Inc. v. City of Delphi*, 928 F.2d 788, 790-91 & n.4 (7th Cir. 1991).

In addition, even if a policy or custom were pleaded, neither the Board's participation in litigation nor Defendant Fulks' performing her clerk role is sufficiently tied to any Fifth Amendment or Fourteenth Amendment violation suffered by Plaintiff to establish causation. *See Burke*, 292 F. Supp. 3d at 1249; *see also Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 405, 415 (1997) (explaining that the local government must be the "moving force" behind the alleged injury and should not "be held liable for an injury that it did not cause"). For example, Plaintiff's claim that the Board's previous statement "describes" a risk that the Board "may" declare the south section line of Section 9 open for access in violation of the Fifth Amendment does not plausibly establish "a direct causal link between [that] policy or custom and the alleged constitutional deprivation." Am. Compl. ¶ 98; *City of Canton*, 489 U.S. at 385.

6

Plaintiff therefore fails to state a claim against the County Defendants upon which relief can be granted.[2]

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss (Doc. No. 29) is GRANTED. Plaintiff's claims against Defendants Lori Fulks, in her official capacity as Clerk of Garvin County, Oklahoma, and the Board of County Commissioners of Garvin County, Oklahoma, are DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

A separate judgment shall be entered.

IT IS SO ORDERED this 19th day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge

---

[2] The Court need not address the County Defendants' alternative arguments for dismissal/abstention.