UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GWEN B. WITHERSPOON, as Trustee of the Gwen B. Witherspoon Revocable Living Trust dated August 10, 1998,<br><br>    Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. INCE et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-22-613-G<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff Gwen B. Witherspoon, as Trustee of the Gwen B. Witherspoon Revocable Living Trust dated August 10, 1998, brings constitutional claims pursuant to 42 U.S.C. § 1983 against six defendants, including Christopher D. Ince and Rachael S. Ince (the "Ince Defendants"). *See* Am. Compl. (Doc. No. 26).

Now before the Court is the Motion to Dismiss (Doc. No. 33) filed by the Ince Defendants. Plaintiff has responded (Doc. No. 37) and the Ince Defendants have replied (Doc. No. 39).

    I.    *Plaintiff's Allegations*

In the Amended Complaint, Plaintiff alleges that she owns a parcel of land in Section 9, Township 4 North, Range 3 West, in Garvin County, Oklahoma ("Section 9"). *See* Am. Compl. ¶ 3. Defendants Howard P. Payne and Sue A. Payne owned land that adjoins Section 9. *Id.* ¶ 4. In 2021, the Paynes conveyed that adjoining land to Defendants Christopher D. Ince and Rachael S. Ince. *Id.*

In 2008, the Paynes and the Inces sued Plaintiff in Garvin County District Court to exercise eminent domain to create a private road on the west side Section 9 allowing the Inces to access their land. *Id.* ¶¶ 7, 51 (citing *Payne v. Witherspoon*, No. CJ-2008-430 (Garvin Cnty. Dist. Ct.)). In 2021, the Inces filed a second action in the same court, seeking to open a roadway on the south section line of Section 9. Am. Compl. ¶¶ 7, 64 (citing *Ince v. Witherspoon*, No. CV-2021-92 (Garvin Cnty. Dist. Ct.)).

The state-court lawsuits, and Plaintiff's current legal claims, implicate various Oklahoma statutes. *See* Am. Compl. ¶¶ 11-15. Plaintiff alleges that, "[i]n applying Okla. Stat. tit. 27, § 6, Okla. Stat. tit. 66, § 53, and Okla. Stat. tit. 69, § 1201, the Paynes and Inces benefit from official actions of state judges, the court clerk, and the Garvin County Clerk to appropriate the Plaintiff's farmland." *Id.* ¶ 16. Plaintiff claims that the Ince Defendants' conduct in connection with the above state-court litigation violates "the takings and use clauses of the Fifth Amendment" and "the due process and equal protection clauses of the Fourteenth Amendment." *Id.* ¶¶ 1, 71-101; *see also id.* ¶¶ 52-70. Plaintiff seeks declaratory and injunctive relief, as well as nominal damages. *See id.* ¶¶ 105-111.

II.     **Relevant Standards**

A motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure takes one of two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015). Here, the Ince Defendants make a facial attack on the sufficiency of the allegations contained in the Amended Complaint. *See* Defs.' Mot. at 3-9. In reviewing a facial attack, a district court confines its analysis to the pleadings and must accept the allegations in the complaint

as true. *See Pueblo of Jemez*, 790 F.3d at 1148 n.4. As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

### III. The Ince Defendants' Motion to Dismiss

The Ince Defendants argue in relevant part that the Court lacks jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims against them, such that dismissal is required under Rule 12(b)(1). Section 1983 "provides a remedy against state actors who violate a federal right, pursuant to state authority." *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 869 (10th Cir. 2016); *accord Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995) ("[T]he only proper defendants in a [§] 1983 claim are those who represent the state in some capacity." (alteration and internal quotation marks omitted)). Plaintiff therefore must show that each defendant was acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (internal quotation marks omitted). This showing is "a jurisdictional requisite for a § 1983 action." *Polk Cnty. v. Dodson*, 454 U.S. 312, 315 (1981).

#### A. Joint Action

The allegations of the Amended Complaint reflect that the Inces are "private persons" rather than government officials. Am. Compl. ¶ 2. Plaintiff argues, however, that

3

the Ince Defendants may be held liable based upon their "joint action" with state actors. *See* Pl.'s Resp. at 4-10.

> Even a private party acts under color of state law if that party is a willful participant in joint action with the State or its agents. To apply the joint action test, courts examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights. . . . . [C]oncerted action may be found where there is a substantial degree of cooperative action between state and private officials or if there is overt and significant state participation in the deprivation of a plaintiff's constitutional rights.

*Schaffer*, 814 F.3d at 1157 (alteration, citations, and internal quotation marks omitted).

Plaintiff takes the position that because the Ince Defendants are seeking to exercise the power of eminent domain, and to open a section line, in Garvin County District Court pursuant to the procedures outlined by Oklahoma statute, the Ince Defendants are "clothed with the authority of state law" and have effected deprivations against Plaintiff with "the participation and cooperation of officials." Pl.'s Resp. at 8. It is well established, however, that "[a] private individual does not engage in state action simply by availing herself of a state procedure." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000). And "use of the court system does not transform a private individual's conduct into state action." *Walton v. McBride*, No. CIV-19-348-HE, 2019 WL 5255272, at *3 (W.D. Okla. Sept. 12, 2019) (R. & R.), *adopted*, 2019 WL 5212899 (W.D. Okla. Oct. 16, 2019).

Even accepting the pleading allegations as true, Plaintiff has not shown the requisite joint action between the Ince Defendants and any state actors to establish § 1983 liability on these claims.

4

### B.  *Public Function*

Plaintiff next asserts that the Ince Defendants may be considered state actors because their actions were taken pursuant to a governmental power delegated to private citizens.  "If the state delegates to a private party a function 'traditionally exclusively reserved to the State,' then the private party is necessarily a state actor."  *Gallagher*, 49 F.3d at 1456 (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974)).  "This test is difficult to satisfy," however.  *Id.*  "While many functions have been traditionally performed by governments, very few have been exclusively reserved to the State."  *Id.* (internal quotation marks omitted).

Plaintiff contends that the Ince Defendants' "exercise of the power of eminent domain" under the Oklahoma Statutes is the performance of a public function traditionally reserved to the State.  Pl.'s Resp. at 3-4 (citing *Jackson*).  The Ince Defendants object that, "by providing private rights of condemnation," "the framers of the Oklahoma Constitution and the Oklahoma Legislature have made it clear that the power of eminent domain is not the exclusive prerogative of the state."  Defs.' Reply at 4 (citing Okla. Const. art. II, § 23; Okla. Stat. tit. 27, § 6; *id.* tit. 66, § 53).

Plaintiff has not met her burden to show that jurisdiction lies on this basis.  The parties have not cited, and the Court has not independently located, any Tenth Circuit authority directly on point.  Upon careful review of the relevant statutes and caselaw, the Court concludes that the eminent domain procedures established by Oklahoma law do not make private parties like the Ince Defendants state actors.

While "eminent domain" as broadly defined by Plaintiff—i.e., as "the right to take private property for public uses"—has been referred to as "an attribute of sovereignty," the specific proceeding engaged in by the Ince Defendants—i.e., using a state statute that permits "[a]ny private person" to exercise the right of eminent domain "for private ways of necessity"—is materially distinguishable. *Boom Co. v. Patterson*, 98 U.S. 403, 406 (1878); Okla. Stat. tit. 27, § 6.  First, by definition, the exercise of this statutory right is not "the *exclusive* prerogative of" the State of Oklahoma.  *Jackson*, 419 U.S. at 353 (emphasis added); *cf. Johnson v. Rodrigues (Orozco)*, 293 F.3d 1196, 1203 (10th Cir. 2002) (holding that because the private parties were not "the exclusive means" to perform the service of adopting children in the state they were not state actors under the public function test). Second, the relevant statutes did not require the Inces to exercise the right of eminent domain: they merely "authorized" the Inces "to employ such a practice if [they] so desired." *Jackson*, 419 U.S. at 357.  The Supreme Court has rejected the proposition that a private entity's "exercise of the choice allowed by state law," "where the initiative comes from [the private entity] and not from the State," renders that exercise "state action" or makes such conduct attributable to the state.  *Id.* at 357-59; *see also Moongate Water Co. v. Butterfield Park Mut. Domestic Water Ass'n*, 291 F.3d 1262, 1268-70 (10th Cir. 2002) ("[S]imple possession of sovereign power does not convert a private entity into a state actor.").

Plaintiff's allegation that the Inces exercised the rights granted to them under Oklahoma's eminent domain procedures is not sufficient to show that the Ince Defendants' conduct is "attributable to the State" of Oklahoma.  *Jackson*, 419 U.S. at 359; *see also*

6

*Swayne v. L.D.S. Soc. Servs.*, 670 F. Supp. 1537, 1542 (D. Utah 1987) (explaining that state action may not be present where "a private party makes necessary use of some state procedure" because the "private part[y], rather than the state, made the essential decision to attempt to deprive a plaintiff of his or her liberty or property interest").[1]

## CONCLUSION

As outlined herein, the Motion to Dismiss (Doc. No. 33) filed by Defendants Christopher D. Ince and Rachael S. Ince is GRANTED. Plaintiff's claims against these defendants are DISMISSED without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

A separate judgment shall be entered.

IT IS SO ORDERED this 19th day of August, 2024.

CHARLES B. GOODWIN
United States District Judge

---

[1] *Overruled on other grounds by In re Adoption of J.S.*, 358 P.3d 1009 (Utah 2014).